# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**AMANDA HARMON,**

    **Plaintiff,**

    v.                        CASE NO. 20-3207-SAC

**18TH JUDICIAL DISTRICT COURT,**
**et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Amanda Harmon is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I. Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is housed at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis* and assessed an initial partial filing fee. (Doc. 5.) Plaintiff has failed to pay the $13.50 initial partial filing fee that was due on August 20, 2020.

Plaintiff's allegations involve her state criminal case. She alleges that she has been denied copies of documents in her criminal case, despite going through the proper chain of command. (Doc. 1, at 6.) Plaintiff asks this Court to assist her in obtaining copies. *Id.* Plaintiff also alleges that there was a delay in the drug task force's arrival after she was stopped by the highway patrol. Plaintiff alleges that the delay violated Kansas codes and statutes. Plaintiff alleges that the highway patrolman then drove her around for four hours.

1

Plaintiff names as Defendants the 18th Judicial District Court, acting officers, judges, attorneys, detectives, and district attorneys.  As her request for relief, Plaintiff seeks an "immediate apology from the parties (defendants) from causing my life & my family financial anguish and to quit injuring and harming us." (Doc. 1, at 5.)

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

Ct. at 1974).

## III. DISCUSSION

### 1. Younger Abstention

The Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

An online Kansas District Court Records Search shows that Case No. 20-CR-624 is still pending with a preliminary hearing scheduled for September 17, 2020. *See State v. Harmon*, Case No. 20-CR-624, filed February 27, 2020 (Sedgwick County District Court); *see also State v. Harmon*, Case No. 19-CR-1043, filed April 19, 2019 (Sedgwick County District Court) (probation violation hearing scheduled for September 17, 2020). Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts

provide Plaintiff with an adequate forum to litigate her constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

### 2. Heck Bar and Habeas Nature of Claim

To the extent Plaintiff challenges the validity of her sentence in her state criminal case, her federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck,* 512 U.S. at 482; *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas

petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, any claim challenging her state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, she must show that her conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id.* at 486–87.

### 3. Defendants

#### a. Personal Participation

Plaintiff names as Defendants the 18th Judicial District Court, acting officers, judges, attorneys, detectives, and district attorneys. Plaintiff has failed to set forth the names of individual defendants and has failed to allege how any defendant personally participated in the deprivation of her constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the

6

complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

### b. Prosecutors

Plaintiff's claims against the prosecutors fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Plaintiff's claims concerning her criminal case fall squarely within the prosecutorial function.  Plaintiff is directed to show cause why her claims against the county prosecutors should not be dismissed based on prosecutorial immunity.

### c. Judges

Plaintiff names state court judges as defendants.  State court judges are entitled to personal immunity.  "Personal immunities . . . are immunities derived from common law which attach to certain governmental officials in order that they not be inhibited from 'proper performance of their duties.'"  *Russ v. Uppah*, 972 F.2d 300, 302–03 (10th Cir. 1992) (citing *Forrester v. White*, 484 U.S. 219, 223, 225 (1988)).

Plaintiff's claims against the state court judges should be dismissed on the basis of

judicial immunity.  A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).  Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity.  *Stump*, 435 U.S. at 356–57.  Plaintiff alleges no facts whatsoever to suggest that the defendant judges acted outside of their judicial capacity.

### d.  Court Officers

Plaintiff names court officers as defendants.  Although it is unclear which officers Plaintiff is referring to, when the challenged activities of a probation officer are intimately associated with the judicial phase of the criminal process, they are entitled to absolute immunity.  *Tripati v. U.S.I.N.S.*, 784 F.2d 345, 348 (10th Cir. 1986) (finding that probation officers who assist in the decision whether to order pretrial release and in the selection of an appropriate sentence are an important part of the judicial process and entitled to immunity).  When preparing a presentence report "it is evident . . . that the probation service is an arm of the court.  It is not an investigative arm for the prosecution.  A presentence report is prepared exclusively at the discretion of and for the benefit of the court."  *Id*. (citing *United States v. Dingle*, 546 F.2d 1378, 1380–81 (10th Cir. 1976)).  Plaintiff has not alleged that any court officers were acting other than as an arm of the court.  Plaintiff is directed to show cause why her claims should not be dismissed.

### e.  Defense Counsel

To the extent Plaintiff seeks to sue her state court defense attorneys, they do not act under

color of state law as required under § 1983.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)).  A criminal defense attorney does not act under color of state even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983).

### f. Courthouse

Plaintiff names the 18th Judicial District Court as a defendant.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).  A courthouse is not a suable entity under § 1983.  *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (unpublished) (holding that the Creek County Criminal Justice Center "is not a suable entity under § 1983"); *Maier v. Wood Cnty. Courthouse*, No. 07-C-580-C, 2007 WL 3165825, at *2 (W.D. Wis. Oct. 24, 2007) (observing that "courthouses are not suable entities because they are not persons capable of accepting service of plaintiff's complaints or responding to them"); *Brock v. Sevier Cnty. Courthouse,* No. 3:06–CV–418, 2007 WL 438735, at *1 (E.D. Tenn. Feb. 6, 2007) (holding that a county courthouse is not a suable entity under 42 U.S.C. § 1983); *Brinton v. Delaware County Adult Parole/Probation Dep't.*, Civ. A. No. 88-3656, 1988

WL 99681, at *1 (E.D. Pa. Sept. 22, 1988) ("A courthouse is not a person within the meaning of § 1983."); *Bucano v. Sibum*, No. 3:12-cv-606, 2012 WL 2395262, at *7 (M.D. Pa. June 25, 2012) (county courthouse is not a proper defendant in a § 1983 action).

### IV.     Motion to Supplement

Plaintiff seeks to supplement her Complaint (Doc. 6).  The supplement consists of an accounting of fees she has paid in state court and a printout of the docket in one of her state criminal cases.  The Court will grant the request to supplement to the extent that the documents at Doc. 6 may be considered as an attachment to the Complaint.

### V.      Response Required

Plaintiff is required to show good cause why her Complaint should not be dismissed for the reasons stated herein.  If Plaintiff fails to respond by the Court's deadline, this matter may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **September 21, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement (Doc. 6) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 21, 2020,** in which to submit the $13.50 initial partial filing fee.

**IT IS SO ORDERED**.

**Dated August 27, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**