### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**AMANDA HARMON,**

    **Plaintiff,**

    v.                                            CASE NO.  20-3207-SAC

**18TH JUDICIAL DISTRICT COURT,**
**et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is housed at the Sedgwick County Jail in Wichita, Kansas ("SCJ").  The Court granted Plaintiff leave to proceed *in forma pauperis*.[1]  (Doc. 5.)

On August 27, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC"), granting Plaintiff until September 21, 2020, in which to show good cause why her Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.  The MOSC provided that "[i]f Plaintiff fails to respond by the Court's deadline, this matter may be dismissed without further notice for failure to state a claim."  (Doc. 7, at 10.)

The Court found in the MOSC that the Court may be prohibited from hearing Plaintiff's claims under the *Younger* doctrine because Plaintiff's state court criminal case is pending.  *See Younger v. Harris*, 401 U.S. 37, 45 (1971).  The Court also found that to the extent Plaintiff challenges the validity of her sentence in her state criminal case, her federal claim must be presented in habeas corpus, and before Plaintiff may proceed in a federal civil action for

---

[1] Plaintiff has failed to pay the $13.50 initial partial filing fee that was due on September 21, 2020.

monetary damages based upon an invalid conviction or sentence, she must show that her conviction or sentence has been overturned, reversed, or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

The Court also found that Plaintiff failed to set forth the names of individual defendants and failed to allege how any defendant personally participated in the deprivation of her constitutional rights. Plaintiff also names improper defendants, including defendants that are entitled to immunity and defendants who are not state actors as required under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)). A criminal defense attorney does not act under color of state even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983).

Plaintiff has failed to respond to the MOSC by the Court's deadline and has failed to show good cause why her Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated September 23, 2020, in Topeka, Kansas.

> **s/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**